UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-CR-631-T-30MAP

JOHN ENIRQUEZ TAYLOR RIVERS,

    Defendant.
_____/

**ORDER**

This Cause is before the Court upon the Defendant's Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. #449). Because the motion challenges the sentence in Defendant's criminal case, the motion is in essence a motion to vacate, pursuant to 28 U.S.C. §2255.[1]

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant that it intends to recharacterize a criminal post-conviction motion as a §2255 motion, and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to §2255. In light of the foregoing, and in compliance with the requirements of *Castro*, the Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court cautions Defendant that such recharacterization renders this motion and any subsequent § 2255 motion filed with this Court susceptible to each of the

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).

procedural limitations imposed upon § 2255 motions. Specifically, Defendant is cautioned that the instant motion and any subsequent § 2255 motion shall be subject to the one (1) year period of limitation and the successive petition bar applicable to post-conviction motions.[2]

Accordingly, the Court **ORDERS** that on or before **APRIL 4, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. #449);

2. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3. Withdraw his Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. #449).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case and this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. #449).

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an Order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Clerk of Court is **DIRECTED** to provide Petitioner with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 4, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2011\11-cr-631 Taylor Rivers 449.wpd*