**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


JOHN ENRIQUEZ TAYLOR-RIVERS,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

                Case No: 8:13-cv-670-T-30MAP
                  Crim. No: 8:11-cr-631-T-30MAP

## ORDER

THIS CAUSE comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #1), Respondent's Response (Dkt. #4), and Petitioner's Reply (Dkt. #5). Petitioner Taylor-Rivers asks for his conviction to be vacated claiming that this Court lacked jurisdiction and that his lawyer was ineffective for not making this argument. The motion is based on, and is inspired by, a misreading of *United States v. Bellaizac-Hurtado*, 700 F. 3d 1245 (11th Cir. 2012).

In *Bellaizac-Hurtado*, the Eleventh Circuit held that Congress did not have the power to criminalize conduct in foreign countries and their territorial waters. *Bellaizac-Hurtado* specifically addressed the drug laws of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. § 7501 *et seq.*. The United States recognizes territorial seas of foreign nations up to twelve nautical miles adjacent to foreign coasts. *See U.S. v. McPhee*, 336 F. 3d 1269, 1273 (11th Cir. 2003). Seas beyond the twelve nautical miles

1

from a foreign coast are international waters. The MDLEA is constitutional as applied to defendants apprehended in international waters. *U. S. v. Tinoco*, 304 F. 3d 1088 (11th Cir. 2002), *cert. denied,* 538 U.S. 909, 123 S. Ct. 1484 (2003).

Defendant was apprehended in international waters, not territorial seas. Commander Daniel Deptula, United States Coast Guard, in his official capacity as the Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs, U. S. Department of State, certified the following facts:

> a. On December 2, 2011, United States law enforcement personnel interdicted the fishing vessel MR. GEO (Official No. 1828294) approximately 55 nautical miles east of Gorda Cay, Honduras, in international waters. . .
>
> b. . . . United States Coast Guard law enforcement personnel recovered 65 bales (approximate weight of 2,039 kilograms) of suspected contraband from international waters which tested positive for cocaine.
>
> c. . . . Honduras . . . waived its primary right to exercise jurisdiction over the MR GEO (Official No. 1828294), its cargo and crew.

CR Dkt. #141 at 3 (certification).

After this certification, Defendant pled guilty and admitted the following facts in his plea agreement (Dkt. #146):

> 9. Factual Basis
>
> Defendant is pleading guilty because defendant is, in fact, guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

On or about December 2, 2011, the defendant, John Enriquez Taylor-Rivers, along with sixteen co-defendants, was aboard the fishing vessel MR GEO encountered by the USS OAK HILL in the western Caribbean Sea.  As the USS OAK HILL came on the scene, defendants aboard the MR GEO jettisoned bales of cocaine into the water.

On questioning by U. S. Coast Guard law enforcement personnel embarked on the USS OAK HILL, the captain of the MR GEO claimed Honduran nationality for the vessel.  The U. S. Coast Guard contacted the government of Honduras, which confirmed the claim of nationality and granted the United States permission to board and search the MR GEO.

Meanwhile, U. S. Coast Guard and Navy personnel recovered sixty-five (65) of the jettisoned bales of cocaine from the water.  The recovered cocaine weighed in excess of two thousand (2,000) kilograms. The defendant, along with his co-defendants, knew the cocaine was on board the vessel and was assisting in its transportation for later distribution. The packaging of the bales was typical of narcotics packaged for at-sea transport and later distribution.  Testing later verified that the substance contained in the bales was in fact cocaine, a Schedule II controlled substance.

*Bellaizac-Hurtado* does not apply to Defendant because he was not located within the territorial seas of a foreign country and his lawyer performed reasonably in not making a meritless argument.  It is therefore

ORDERED AND ADJUDGED that:

1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #1) is DENIED.

2.    The Clerk is directed to close this case.

3.    The Clerk is directed to terminate the pending motion to vacate, set aside or correct sentence (CR Dkt. #451) in the related criminal case (8:11-cr-631-T-30MAP).

CERTIFICATE OF APPEALABILITY AND LEAVE TO
APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id.* "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-Elv v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of July, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-670 deny 2255.docx